IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD A. EJIMOLE,       § | |
|     Plaintiff,       § | |
| § | |
| § | Civil Action No. 3:05-CV-2410-M (BH) |
| v.       § | |
| § | |
| JOSEPH W. BOUNDS, et al,       § | |
|     Defendants.       § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Standing Order of Reference and Notice of Option to Consent to Proceed Before the Magistrate Judge*, filed November 14, 2006, this case has been referred to this Court for pretrial management.

Plaintiff filed this case on December 7, 2005. After this Court indicated that it would recommend denial of his motion to proceed *in forma pauperis*, Plaintiff ultimately paid the full filing fee on May 12, 2006. In an *Order* dated June 29, 2006, this Court specifically advised Plaintiff that he was responsible for effecting service on Defendants within 120 days from the date of the order.

On or about September 8, 2006, the Court received directly from Plaintiff a return of service form for each of the Defendants. Although the forms contained an illegible signature, they were otherwise blank. The forms therefore do not demonstrate valid service on the Defendants. Moreover, subsection (2) of rule 4 of the Federal Rules of Civil Procedure provides that "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age." FED. R. CIV. P. 4(c)(2) (emphasis added). Because more than 120 days had passed since the June 29, 2006 *Order*, and Plaintiff failed to file a valid return of service on Defendants, this

Court issued an order on May 3, 2007, directing Plaintiff to show cause for his failure to file a valid return of service on Defendants as required by Rule 4(m).  The May 3, 2007 *Order* directed Plaintiff to file a valid return of service as to each Defendant, or show good cause **in writing** why service could not be made, no later than May 25, 2007.  The order expressly notified Plaintiff that if he failed to comply, this Court would recommend to the District Court that this action be dismissed for failure to prosecute without further notice.   A review of the docket sheet reveals that Plaintiff failed to comply with the May 3, 2007 *Order*.

      Proper service must be made within 120 days of filing a complaint or the action is subject to *sua sponte* dismissal, without prejudice.  FED.R.CIV.P. 4(m).  However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).  "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)).  A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman v. U.G. Lively,* 897 F.Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

      In the instant matter, Plaintiff has not complied with FED. R. CIV. P. 4(m) and Local Rule 4.1 by filing valid proof of service on the Defendants despite the Court's admonishments.  Accordingly, Plaintiff's claims against Defendants should be dismissed without prejudice,

pursuant to FED. R. CIV. P. 4(m).

It is therefore **RECOMMENDED** that all claims and causes of action asserted against each Defendant be **DISMISSED** without prejudice to the refiling of same.

**SO RECOMMENDED**, this 4th day of June, 2007.

                                                                                   *[signature]*
                                                                                   IRMA CARRILLO RAMIREZ
                                                                                   UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

                                                                                   *[signature]*
                                                                                   IRMA CARRILLO RAMIREZ
                                                                                   UNITED STATES MAGISTRATE JUDGE